CV 12 - 04341

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSE CORNIELIS,

                              Plaintiff,                    **VERIFIED**
                                                           **COMPLAINT**
            - against -
                                                           **PLAINTIFF DEMANDS**
THE CITY OF NEW YORK,                                      **TRIAL BY JURY ON**
POLICE OFFICER GOMEZ (SH: 23039, 33 PRECINCT),            **ALL ISSUES**
POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5,
PROPERTY CLERK, New York City Police Department
RAYMOND W. KELLY, in his official capacity as
Commissioner of the New York City Police Department,

                              Defendants.
------------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.  This civil rights action is brought pursuant to 42 U.S.C. § 1983 for declaratory

and injunctive relief, damages, costs and fees, to redress the denial of plaintiff 's right to due

process of law, equal protection of the laws, and the right to be free of arbitrary police action,

excessive fines and unreasonable searches and seizures, under the Fourth, Eighth and Fourteenth

Amendments to the United States Constitution.

2.  Plaintiff is a person whose automobile was seized by Defendants on February 20,

2011 after an arrest by the New York City Police Department (NYPD) on the ground that the car

was allegedly being "vouchered for safekeeping."

3.  **Due Process/Fourth Amendment Violation:** In Krimstock v. Kelly, 306 F.3d 40

(2d Cir. 2002), cert. denied, 123 S. Ct. 2640 (June 27, 2003), the Court of Appeals

for the Second Circuit held that where a person's automobile has been seized and held for

forfeiture by the defendants under the City Code, the Fourth Amendment and due process of law requires that plaintiffs be afforded a prompt post-seizure, pre-judgment hearing before a neutral judicial or administrative officer to determine whether the City is likely to succeed on the merits of the forfeiture action and whether means short of retention of the vehicle can satisfy the City's need to preserve it from destruction or sale during the pendency of proceedings (prompt hearing). Under the City Code, the person seeking the release and return of a seized vehicle is termed a claimant.

4. According to the Circuit Court in <u>Krimstock</u>, the only condition precedent to this due process/Fourth Amendment right to a prompt hearing is the seizure of a claimant's vehicle. Claimants are not required to perform any other acts or comply with any other procedures to trigger this right to a prompt hearing.

5. The unconditional nature of the defendants' obligation to make a prompt hearing available was confirmed by the Order and Judgment of the District Court in <u>Krimstock</u> on remand, setting forth procedures for future seizures. See <u>Krimstock v. Kelly</u>, No. 99 Civ. 12041, slip op. (S.D.N.Y. Oct. 27, 2003) (Mukasey, J.). Pursuant to paragraph 5 of this Order, the City is required to provide notice of the right to a prompt hearing in writing at the time of seizure, without any action by the claimant.

6. The Second Circuit in <u>Krimstock</u> held that failure to conduct a prompt hearing constitutes a violation of the Due Process Clause and the Fourth Amendment, requiring, at minimum, the release and return of the seized vehicle to the claimant pending the conclusion of forfeiture proceedings.

7. Although plaintiff herein was entitled to a prompt hearing, no such hearing was

2

made available, even though his car was seized on February 20, 2011.

      8.  **Arbitrary Administrative Action:** Defendants held plaintiff's vehicle for

approximately 14 days without a hearing, and failed to follow their own procedures for retention

of property seized for safekeeping incident to an arrest when the vehicle is "unrelated to a

criminal proceeding, the criminal proceeding is terminated, or the property is not needed" set

forth in the Property Clerk Rules. <u>DeBellis v. Property Clerk of New York</u>, 79 N.Y.2d 49, 53,

(N.Y. 1992).

      9.  Defendants arbitrary, irrational and capricious administrative actions violated

Plaintiff's due process and Fourth Amendment rights, as set forth in <u>Krimstock</u>, <u>Mendez v.</u>

<u>United States</u>, 2003 WL 21673616 (S.D.N.Y. July 16, 2003) and <u>DeBellis v. Property Clerk</u>.

      10. **Equal Protection Violation:** Although defendants have claimed that their

forfeiture policy was implemented to ensure public safety, the court in <u>Krimstock</u> noted that

defendant NYPD Legal Bureau's November 1988 Forfeiture Guide instructed police:

> Certain categories of property do not warrant forfeiture litigation due to their
> small value, [including n]on-owner operated vehicles ten years old or older,
> [unless, *inter alia*,] the vehicle has a special value, e.g., an expensive import.

      11. To the extent that defendants have targeted valuable cars for forfeiture while

ignoring cars of lesser value, while purporting to be protecting the public safety, defendants have

violated the Equal Protection Clause in their enforcement of the City Code. Plaintiff, as the

owner of a vehicle of substantial value, is a victim of the defendants' violation. Plaintiff's

vehicle is estimated at approximately $11,000.00 USD.

      12. **Excessive Fines Violation:** Under U.S. v. Bajakajian, 524 U.S. 321 (1998) and

Grinberg v. Safir, 181 Misc. 2d 444, 694 N.Y.S.2d 316 (Sup. Ct. New York County), aff _d, 266

A.D.2d 43, 698 N.Y.S.2d 218 (1st Dep _t 1999), appeal dismissed, 94 N.Y.2d 898, 707 N.Y.S.2d

143, leave to appeal denied, 95 N.Y.2d 756, 712 N.Y.S.2d 448 (2000), overruled on other

grounds, Krimstock v. Kelly, 306 F.3d 40 (2d Cir. 2002), cert. denied, 123 S. Ct.

2640 (June 27, 2003), the City Code is punitive for excessive fines purposes, and forfeiture of

Plaintiff's vehicle for a violation that carries a minimal penalty is grossly disproportionate to

the severity of the crime. Such forfeiture therefore constitutes an excessive fine within the

meaning of the Eighth Amendment to the U.S. Constitution.

13. **Declaratory Judgment:** Plaintiff seeks a judgment declaring that (a) defendants

have violated plaintiff's rights under the Due Process Clause, the Equal Protection Clause and

the Excessive Fines Clause, and (b) plaintiff is entitled to the immediate reimbursement of the

fair market value of the seized vehicle at the time it was seized.

14. **Damages and Fees:** Plaintiff seeks an award of damages, costs and attorneys'

fees to compensate plaintiff for, inter alia, (a) the loss of the value of his seized vehicle during

the period of unlawful and unconstitutional detention by the defendants, (b) damages for

economic injuries suffered as a result from the loss of his vehicle, and (c) damages for pain and

suffering from the loss of a vehicle that the Plaintiff had put time, money and effort into

maintaining and personalizing.

## JURISDICTION

15. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1343 (3), since

plaintiff seeks relief pursuant to 42 U.S.C. § 1983 for deprivations under color of state law of his

rights under the Fourth, Eighth and Fourteenth Amendments.

4

## PARTIES

**Plaintiff**

16. Plaintiff, **JOSE CORNIELIS**, is a resident of Brooklyn, New York, residing at 359 9th Street.  Plaintiff is a person whose car was seized by police officers for "safekeeping" only at the time of his arrest for Aggravated Harassment.  He maintained a job at a local supermarket and used the vehicle for transportation and business purposes.

17. As in Krimstock, defendants failed to make a prompt hearing available to the Plaintiff at any time. The seized vehicle, a 2003 Honda Odyssey, was kept at the 33rd precinct for "safekeeping" and then impounded by Defendants at the Erie Basin Auto Pound only 9 days later where it was sold by Defendants, causing substantial personal and economic hardship to plaintiff who, without the vehicle, has since lost his job at the supermarket and has been unable to afford another vehicle to replace it.

**Defendants**

18. **RAYMOND W. KELLY** is the Commissioner of the NYPD.  The NYPD seized plaintiff's vehicle for safekeeping and then sold it before Plaintiff had a chance to recover it.  He is sued in his official capacity.

19. **PROPERTY CLERK** of the NYPD maintains custody of all property seized by police in the City of New York. It keeps the seized automobiles in various facilities located throughout the City of New York

20. **THE CITY OF NEW YORK** ("City") is a municipal entity created under the laws of New York State. Under the Administrative Code, the City receives all funds derived from forfeiture lawsuits brought by the Property Clerk.

21. **POLICE OFFICER GOMEZ**, Shield No. 23039, is an employee of the 33RD precinct of the NYPD who arrested Plaintiff, JOSE CORNIELIS, for aggravated harassment and vouchered his vehicle for "safekeeping" even though no danger to the vehicle existed at the time and place where the vehicle was located and the vehicle had nothing to do with the alleged offense Plaintiff was charged with.

22. **POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5**, are employees of the 33RD precinct of the NYPD who arrested Plaintiff, JOSE CORNIELIS, for aggravated harassment and vouchered his vehicle for "safekeeping" even though no danger to the vehicle existed at the time and place where the vehicle was located and the vehicle had nothing to do with the alleged offense Plaintiff was charged with.

## FACTS

23. Plaintiff was the owner of a 2003 Honda Odyssey, VIN 5fnr118063b095484, bearing New York license plate ETK3019. On February 20, 2011, plaintiff was arrested outside of his vehicle by Defendants, **GOMEZ AND JOHN/JANE DOE(S) #'s 1-5**, officers of the NYPD, and charged with aggravated harassment. Without any cause to do so, Plaintiff's vehicle was seized by officers of the defendant NYPD for "safekeeping" according to voucher number B323743V.

24. On March 8, 2011, plaintiff was released from jail and all charges against him were dismissed. Plaintiff, **JOSE CORNIELIS**, was told that his vehicle had been moved from the 33rd Precinct on March 1, 2011, and impounded at the Erie Basin Auto Pound in Brooklyn, NY. Plaintiff had only the voucher slip from Defendant Police Officers and did not have any notice of his car's location at the Erie Basin Auto Pound.

25. On March 9, 2011, Plaintiff, **JOSE CORNIELIS**, visited the Erie Basin Auto Pound in Brooklyn, NY and produced the voucher, numbered B323743V. Defendants told Plaintiff that his car had been sold for an undisclosed amount and that there was nothing further he could do.

26. Defendants failed to advise plaintiff of his due process right to a prompt post-seizure hearing and never gave him any notice that his car was impounded.

### AS AND FOR A FIRST CLAIM FOR RELIEF
#### (Due Process/Fourth Amendment)

27. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 25 hereof, as if fully set forth herein.

28. Under Krimstock v. Kelly, defendants were required by the Fourth and Fourteenth Amendments of the U.S. Constitution to provide plaintiff, promptly after seizure of plaintiff's vehicle, with the opportunity for a hearing, before a neutral factfinder, where plaintiff could challenge the "probable validity of continued deprivation of [his] vehicle[], including the City's probable cause for the initial warrantless seizure." Krimstock, 306 F.3d at 69.

29. Under Krimstock, defendants' failure to provide plaintiff with the opportunity for a prompt probable validity hearing before a neutral factfinder constitutes a violation of plaintiff's due process and Fourth Amendment rights.

30. Under Krimstock, the appropriate remedy for this violation includes the immediate and permanent release and return of plaintiff's seized vehicle. See, e.g., Mendez v. United States, 2003 WL 21673616 (S.D.N.Y. July 16, 2003) (Because the government…failed to offer post-seizure evidence to justify continued . . . retention of the seized property, . . . the

7

seized property must be returned) (quoting <u>Krimstock</u>).

31. By reason of defendants' violation of plaintiff's due process and Fourth Amendment rights, plaintiff has also been damaged as a result of the loss of use of his vehicle since February 20, 2011, in an amount to be proved at trial, but not less than $250,000.00, plus costs, pre- and post-judgment interest and attorneys' fees pursuant to the 42 U.S.C. § 1988.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (Arbitrary Administrative Action)

32. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30 hereof, as if fully set forth herein.

33. In proceeding against plaintiff's vehicle, defendants have failed to adhere to their own procedural rules set forth in 38-A R.C.N.Y. 12-36 et seq., and have retained plaintiff's vehicle for an unreasonably long period of time without cause or an opportunity to be heard.

34. The arbitrary, capricious and irrational nature of defendants' conduct violates the Fourth and Fourteenth Amendments. See, e.g., <u>Mendez v. United States</u>, 2003 WL 21673616 (S.D.N.Y. July 16, 2003) (Because the government...failed to offer post-seizure evidence to justify continued . . . retention of the seized property, . . . the seized property must be returned) (quoting <u>Krimstock</u>); <u>DeBellis v. Property Clerk</u>, 79 N.Y.2d 49, 58-59, 580 N.Y.S.2d 157, 162 (1992).

35. Under <u>DeBellis</u>, the 2nd Circuit found that the "scheme violated due process as applied to persons from whose possession money or property, other than contraband, has been taken or obtained, though such money or property was not related to any criminal proceeding, or, if it was so related, such criminal proceedings had been terminated, or if the money or property

8

had been needed as evidence in a criminal proceeding, it was no longer needed for that purpose."

79 N.Y.2d 49.  The court further required a forfeiture or other proceeding to justify the continued

detention of property where the property is unrelated to a criminal proceeding, the criminal

proceeding is terminated, or the property is not needed Id. at 53.

      36. Under DeBellis, Mendez and Krimstock, the appropriate remedy for this violation

includes the immediate and permanent release and return of plaintiff's seized vehicle.

      37. By reason of defendants' arbitrary, capricious and irrational acts, plaintiff is

entitled to the immediate reimbursement of the value of the vehicle at time of seizure as well as

interest on the value from the time of seizure.  Plaintiff has also been damaged as a result of the

loss of use of his vehicle since February 20, 2011, in an amount to be proved at trial, but not less

than $250,000.00, plus costs, pre- and post-judgment interest and attorneys' fees pursuant to 42

U.S.C. § 1988.

### AS AND FOR A THIRD CLAIM FOR RELIEF
### (Equal Protection)

      38. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1

through 36 hereof, as if fully set forth herein.

      39. Defendants, by targeting valuable cars for forfeiture and ignoring cars of lesser

value, while purporting to be protecting the public safety in their enforcement of the City Code,

have violated the Equal Protection Clause.

      40. Plaintiff, as the owner of a vehicle of substantial value, is a victim of the

Defendants' violation.

9

41. By reason of defendants' violation of plaintiff's equal protection rights, Plaintiff is entitled to the immediate reimbursement of the value of the vehicle at time of seizure as well as interest on the value from the time of seizure. Plaintiff has also been damaged as a result of the loss of use of his vehicle since February 20, 2011, in an amount to be proven at trial, but not less than $250,000.00, plus costs, pre- and post-judgment interest and attorneys' fees pursuant to 42 U.S.C. § 1988.

**AS AND FOR A FOURTH CLAIM FOR RELIEF**
**(Excessive Fines)**

42. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 40 hereof, as if fully set forth herein.

43. The forfeiture of plaintiff's vehicle of substantial value, for an arrest that has nothing to do with the vehicle or any circumstances surrounding it, would be grossly disproportionate to the purpose of the seizure, especially since the vehicle was vouchered for "safekeeping" only.

44. Therefore, forfeiture of plaintiff's vehicle would constitute an excessive fine within the meaning of the Eighth Amendment to the U.S. Constitution.

45. By reason of defendants' violation of plaintiff's rights under the Excessive Fines Clause, plaintiff is entitled to the immediate reimbursement of the value of the vehicle at time of seizure as well as interest on the value from the time of seizure. Plaintiff has also been damaged as a result of the loss of use of his vehicle since February 20, 2011, in an amount to be proved at trial, but not less than $250,000.00, plus costs, pre- and post-judgment interest and attorneys' fees pursuant to 42 U.S.C. § 1988.

## CONCLUSION

**WHEREFORE,** Plaintiff, JOSE CORNIELIS, prays this Court for the following relief:

1) On the First Claim for Relief, for

    (a) the immediate reimbursement of the value of the vehicle at time of seizure as well as interest on the value from the time of seizure;

    (b) damages for loss of use thereof in an amount to be determined at trial, but not less than $250,000, and

    (c) costs, pre- and post-judgment interest and attorneys' fees pursuant to the 42 U.S.C. § 1988, together with such other and further relief, both legal and equitable, as the Court deems just and proper;

2) On the Second Claim for Relief, for:

    (a) the immediate reimbursement of the value of the vehicle at time of seizure as well as interest on the value from the time of seizure;

    (b) damages for loss of use thereof in an amount to be determined at trial, but not less than $250,000, and

    (c) costs, pre- and post-judgment interest and attorneys' fees pursuant to 42 U.S.C. § 1988, together with such other and further relief, both legal and equitable, as the Court deems just and proper;

(3) On the Third Claim for Relief, for:

    a) the immediate reimbursement of the value of the vehicle at time of seizure as well as interest on the value from the time of seizure;

b) damages for loss of use thereof in an amount to be determined at trial, but not less than $250,000, and

c) (c) costs, pre- and post-judgment interest and attorneys' fees pursuant to 42 U.S.C. § 1988, together with such other and further relief, both legal and equitable, as the Court deems just and proper;

(4) On the Fourth Claim for Relief, for:

a) the immediate and permanent reimbursement of the value of the vehicle at time of seizure as well as interest on the value from the time of seizure;

b) damages for loss of use thereof in an amount to be determined at trial, but not less than $250,000, and,

c) costs, pre- and post-judgment interest and attorneys' fees pursuant to 42 U.S.C. § 1988, together with such other and further relief, both legal and equitable, as the Court deems just and proper;

Dated: New York, NY
August 28, 2012

Yours, etc.,

JUSTIN M. ROPER, ESQ. (7328)

12

## **ATTORNEY'S VERIFICATION**

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, JOSE CORNIELIS. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me, and not Plaintiffs, is that Plaintiffs are not presently in the county wherein the attorneys for the Plaintiffs maintain their offices.

DATED:      New York, New York
            August 28, 2012

                                    _____
                                    JUSTIN M. ROPER, ESQ. (JR7328)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSE CORNIELIS,

Plaintiff,

– against –

THE CITY OF NEW YORK,
POLICE OFFICER GOMEZ (SH: 23039, 33 PRECINCT),
POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5,
RAYMOND W. KELLY, in his official capacity as
Commissioner of the New York City Police Department,
PROPERTY CLERK, New York City Police Department,

Defendants.

## SUMMONS & VERIFIED COMPLAINT

**NASS & ROPER LAW, LLP**
*Attorneys for Plaintiff*
**JOSE CORNIELIS**
14 Penn Plaza, Suite 2004
New York, New York 10122
(718) 775-3246
Fax: (718) 775-3246[*]

---

[*] Not for service of papers.