UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -- - - - X

JOSE CORNIELIS,

                Plaintiff,     <u>ORDER</u>

    - against -               CV 2012-4341 (ARR)(MDG)

CITY OF NEW YORK, <u>et</u> <u>al</u>.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - X

    On August 29, 2012, plaintiff filed the instant complaint against the City of New York, Police Officer Gomez, Commissioner Raymond Kelly and various unnamed officers, alleging various civil rights violations in connection with the seizure of his vehicle. After examining plaintiff's financial affidavit and the allegations in the complaint, this Court hereby grants plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> under 28 U.S.C. § 1915.

    When a plaintiff is authorized to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, the court must order a U.S. Marshal or someone specially appointed to effect service. <u>See</u> 28 U.S.C. 1915(d) and F.R.C.P. 4(c)(3). The docket sheet indicates that summonses were issued when the complaint was filed and, presumably, were given to plaintiff's counsel. Plaintiff's counsel, as an "office[r] of the court," is hereby appointed to "serve all process" on the defendants by mail. 28 U.S.C. § 1915; <u>cf.</u> Fed. R. Civ. P. 1, Advisory Committee Notes on 1993 Amendment (describing attorneys as "officers of the court"); <u>F.T.C. v. Superior Court Trial Lawyers Ass'n</u>, 493 U.S. 411, 453-54 (1990) ("'Attorneys are officers of the Court . . . bound to render service when required' by court appointment") (quoting <u>Powell v.</u>

Alabama, 287 U.S. 45, 73) (1932)) (J. Blackmun, concurring in part and dissenting in part).  This Court knows from past experience that the City of New York and police officers will appear after service by mail.  The Court finds that counsel is a suitable person to perform this function, instead of the Marshals, who also ordinarily serve process by mail for plaintiffs proceeding in forma pauperis. See Manson v. Simply Food LIC LLC, 2010 WL 376644 at *2 (E.D.N.Y. Jan. 26, 2010) (discussing service by mail by Marshals).  Retained counsel not only is quite capable of performing this function, the Court finds that attorneys are generally better able to monitor closely whether defendants have been properly served.  See Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (court has inherent power "to achieve the orderly and expeditious disposition of cases") (quoting Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)).  However, if plaintiff's counsel has difficulty effectuating service, he may so advise the Court and request appointment of the U.S. Marshal Service to serve a defendant personally.

    SO ORDERED.

Dated:    Brooklyn, New York
           October 23, 2012

                                    /s/_____
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE